# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RONALD KEITH BISHOP, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-08-1358-HE |
| | ) | |
| ERIC FRANKLIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

Petitioner Ronald Keith Bishop, a state prisoner appearing *pro se*, filed this action under 28 U.S.C. § 2254 seeking habeas relief. Consistent with 28 U.S.C. §636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Bana Roberts, who has recommended that the petition be denied.[1]

Petitioner is serving a fifty-five year sentence for robbery with a firearm and a twenty-five year sentence for aggravated attempting to elude a police officer. His sentences run consecutively. The OCCA affirmed his convictions on appeal and also affirmed the trial court's denial of petitioner's application for post-conviction relief.

Petitioner asserts seven grounds for relief in his habeas petition. The magistrate judge concluded that the OCCA's rejections of petitioner's claims based on an alleged Miranda violation and the trial court's alleged failure to give a lesser included offense instruction, were neither contrary to nor an unreasonable application of clearly established federal law.

---

[1]*The magistrate judge recommended that petitioner be allowed to expand the record to include a copy of the application for post-conviction relief and motions he filed in the district court during his post-conviction proceeding. To that extent his motion [Doc. #29] is granted.*

She rejected his claim that his sentence was excessive,[2] finding that "[a]s a recidivist offender Petitioner's sentences are not disproportionate." Report and Recommendation, p. 17.

While the magistrate judge determined that three of the remaining four grounds of relief were probably procedurally barred, she chose to consider them on the merits. She concluded petitioner had failed to establish that his trial counsel was ineffective under the Strickland standard.[3] She also concluded that, contrary to petitioner's contention, the jury had been instructed that he would have to serve 85% of his sentence before being eligible for parole or before he could receive any earned credits that would reduce his sentence. She also rejected his claim of cumulative error on the ground he had failed to show any actual error.

Petitioner filed a reply/objection to the Report and Recommendation, in which he raises issues not presented to the magistrate judge. Petitioner focuses on the trial court's admission of statements he made to a police detective while he was hospitalized. While he does not dispute that he voluntarily spoke with the detective, he claims the detective's testimony was insufficient to demonstrate that he confessed to committing the robbery. He also contends his counsel was ineffective for failing to move "to strike petitioner's statements to Detective Wooliver from being considered a confession," Reply/objection, pp. 10-11, and that the magistrate judge erred by not listening to the videotape of his interview with the

---

[2]*The magistrate judge considered petitioner's Eighth Amendment/excessive sentence claim on the merits, as she found the OCCA's decision was based solely on principles of state law.*

[3]*Strickland v. Washington, 466 U.S. 668 (1984).*

2

officer. Finally, petitioner claims the evidence was insufficient to support his robbery conviction.

The court will not consider these issues because petitioner failed to present them to the magistrate judge and "[i]n this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."[4] United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001).[5] Accordingly, the petition for writ of habeas corpus is denied. The court also denies a certificate of appealability as it finds petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[4] *No compelling basis for their review has been shown. Even if considered on the merits, they would fail.*

[5] *The court notes that in the Report and Recommendation the magistrate judge concluded that the standard the OCCA set forth to analyze appellate counsel's performance had been disavowed by the Tenth Circuit in McGee v. Higgins, 568 F.3d 832, 838-39 (10th Cir. 2009), cert. denied, ___ U.S. ___ (2009), as being inconsistent with Strickland. The standard the Tenth Circuit rejected in McGee was "[t]he fact appellate counsel fails to recognize or raise a claim, regardless of merit, is not and cannot alone be sufficient to establish ineffective assistance...." Id. at 838 (internal quotation omitted). However, the standard the OCCA applied to petitioner's claim of deficient appellate counsel was "[f]ailure of counsel to raise each and every issue is not determinative of ineffective assistance of counsel and counsel is not required to advance every cause of argument regardless of merit." Response to Petition, Exhibit 6, p. 3. This standard is in accord with Strickland. See Knowles v. Mirzayance, ___ U.S. ___, ___ (2009) ("[T]his Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success."); Malicoat v. Mullin, 426 F.3d 1241, 1248-49 (10th Cir. 2005) ("When, as here, a habeas petitioner's Sixth Amendment claim is based upon appellate counsel's failure to raise a particular issue, the Supreme Court has recognized that 'appellate counsel who filed a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.'") (quoting Smith v. Robbins, 528 U.S. 259, 288 (2000)).*

**IT IS SO ORDERED**.

Dated this 30th day of September, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE